UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

ALBERT FRANKLIN ROBINSON, JR. and,　　　　　　　　　　Case No. 07-12356
CARLYNN MAE ROBINSON

　　　　　　　　　　Debtors.

LONNIE L. MIXON,　　　　　　　　　　　　　　　　　　Adv. Case No. 07-01100

　　　　　　　　　　Plaintiff,

vs.

ALBERT FRANKLIN ROBINSON, JR.,

　　　　　　　　　　Defendant.

## ORDER GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF

Jeffery J. Hartley, attorney for Plaintiff, Chapter 7 Trustee, Lonnie L. Mixon
Leonard Norman Maldonado, attorney for the Debtor, Albert Franklin Robinson, Jr.

　　　Before the Court is Plaintiff's Motion for Summary Judgment. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has the authority to enter a final order. For the reasons stated below, the Court grants Plaintiff's Motion for Summary Judgment because there is no genuine issue of material fact for trial; the Defendant's transfer of the subject property was fraudulent pursuant to 11 U.S.C. § 548 and the Alabama Code, and the Trustee is entitled to avoid the transfer under § 548 and § 544(b).

### FACTS

　　　The Debtor, Albert Franklin Robinson, Jr., ("Debtor") and his wife filed a voluntary chapter 7 bankruptcy petition on August 22, 2007. Their schedules show a total of $6,983.16 in assets. Prior

to filing bankruptcy, on July 26, 2006, Debtor transferred five acres of property to his son. This property may have a market value of as much as $10,500.00. The Debtor received no payment or monetary consideration from his son for the transfer. Debtor was not (at the time of the transfer) and is not now indebted to his son. According to Debtor, the property was transferred to his son so he could use it as collateral to help pay accumulated debts from college and medical school. The Debtor claims he was disabled at the time of the transfer and the only assistance he could provide his son was the property.

At the time Debtor made the transfer, he was indebted to numerous secured and unsecured creditors and did not disclose the transfer to them. Therefore, the Trustee brought an action to avoid the transfer pursuant to 11 U.S.C. §§ 548 and 544(b) that utilizes Alabama's fraudulent transfer statute, ALA. CODE § 8-9A-4. The Trustee filed a motion for summary judgment that was heard by the Court on April 3, 2007.

## LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 106 S. Ct. 2502, 91L. Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id*.; *Celotex Corp. v. Catrett*, 477 U. S. 317, 323, 106

S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Allen v. Bd. of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007).

A. Statutory Law

The Trustee raises a fraudulent transfer cause of action under the Bankruptcy Code and state law. The Bankruptcy Code deals with fraudulent transfers under 11 U.S.C. § 548. According to § 548,

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> > (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation...

11 U.S.C. § 548(a) (2005). The Alabama Fraudulent Transfer Act is also applicable to this case. *See* 11 U.S.C. § 544(b) (granting a trustee the rights and powers to avoid "any transfer of property of the debtor" that is voidable by any creditor under state law). Under state law, "[a] transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor." ALA. CODE § 8-9A-4(a). A transfer is also fraudulent if at the time it was made, the grantor was insolvent or became insolvent due to the transfer, owed money to creditor, and received no consideration for the transfer. ALA. CODE § 8-9A-5(a).

B. Analysis of Fraudulent Transfer Under State Law

To have Debtor's conveyance voided as a fraudulent transfer under Alabama law, the Trustee must prove three elements: (1) a creditor was defrauded; (2) debtor intended to defraud; and (3) the creditor's claim could have been satisfied or partially satisfied by the conveyed property. *Champion v. Locklear*, 523 So.2d 336, 338 (Ala. 1988) (citing *Roddam v. Martin*, 235 So.2d 654 (Ala.1970)). Under state law, a creditor may set aside a transfer because of "actual fraud" or "constructive fraud." *Cox v. Hughes*, 781 So.2d 197 (Ala. 2000). The Trustee admits that Debtor's conveyance to his son was not made with subjective intent to hinder, delay, or defraud his creditors, but the transaction still fulfills almost every itemized determining factor for a fraudulent transfer. ALA. CODE § 8-9A-4.

The conveyance of the property is also considered a fraudulent transfer under ALA. CODE § 8-9A-5(a). Section 8-9A-5(a) pertains to constructive fraud. "'Constructive fraud' is found 'when a grantor, indebted at the time, conveys property without receiving *valuable consideration*.'" *Aucoin v. Aucoin*, 727 So.2d 824, 827 (Ala. Civ. App. 1998) (emphasis added) (quoting *Champion v. Locklear*, 523 So.2d 336, 338 (Ala. 1988)). The actual, subjective intent of the grantor is irrelevant to the conclusion of constructive fraud. *Champion,* 523 So.2d at 338. Courts are to automatically infer constructive fraud if the transfer was made to a family member and there was no valuable consideration. *Peoples v. AuburnBank*, 814 So.2d 297, 300 (Ala. civ. App. 2001); *McPherson Oil Co., Inc. v. Massey*, 643 So.2d 595, 596 (Ala. 1994). "Once constructive fraud is alleged in a family transaction, as it has been here, the grantee has the burden of proving the bona fide character of the underlying transaction." *Champion*, 523 So.2d at 338.

The parties stipulate and Debtor has admitted that Debtor's transfer was made to an insider, his son. *See* ALA. CODE § 8-9A-4(b)(1); § 8-9A-1(8); 11 U.S.C. § 101(31). The transfer was not

4

Case 07-01100    Doc 20    Filed 04/14/08    Entered 04/14/08 13:24:59    Desc Main
Document      Page 4 of 7

disclosed to Debtor's creditors, although it was properly recorded. *See* § 8-9A-4(b)(3). The Debtor was indebted to numerous creditors at the time the transfer was made. *See* § 8-9A-4(b)(4). The Debtor has no substantial assets other than the property that was transferred to his son; Debtor's schedules reflect assets lower than the market value of the transferred property. *See* §§ 8-9A-4(b)(5), (9). The Debtor received no monetary consideration for the transfer. *See* § 8-9A-4(b)(8). The facts support a finding that the transfer was fraudulent under ALA. CODE § 8-9A-4.

However, Debtor asserts that the transfer was made with consideration, albeit intangible, because his desire was to assist his adult son with debts incurred from college and medical school, and, due to Debtor's disability, this was the only assistance he could provide. The law regarding fraudulent transfers is clear that a transfer given in return for "love and affection" is "good" consideration, but not "valuable" consideration. *McPherson Oil Co.*, 643 So.2d at 596. "Love and affection have been held to be inadequate consideration under state fraudulent conveyance laws." *Walker v. Treadwell (Matter of Treadwell)*, 699 F.2d 1050, 1051 (11th Cir. 1983) (citing *Roddam v. Martin*, 235 so.2d 654, 656 (Ala. 1970); *United States v. West*, 299 F.Supp. 661, 666 (D. Del. 1969)); *but cf.,* ALA. CODE § 35-4-34 (authorizing the validity of a conveyance of property *between the contracting parties* even where the transfer lacked valuable consideration). Debtor's desire to support his son monetarily is a moral obligation and cannot be defined as a legal obligation given that his son is an adult. The Court understands the satisfaction a parent feels when he or she is able to help a child or give to a charitable cause; however, the emotional gratification is not valuable consideration under state law. Therefore, the facts support a finding that the transfer was fraudulent under ALA. CODE § 8-9A-5(a).

### C. Analysis of Fraudulent Transfer Under the Code

Case 07-01100    Doc 20    Filed 04/14/08    Entered 04/14/08 13:24:59    Desc Main
Document      Page 5 of 7

To prove a fraudulent transfer under 11 U.S.C. § 548, the Trustee must prove: (1) that Debtor transferred a property interest; (2) within two years of filing a bankruptcy petition; (3) while Debtor was insolvent; and (4) that Debtor received less than reasonably equivalent value in exchange for the transfer. *Christians v. Crystal Evangelical Free Church (In re Young)*, 148 B.R. 886, 890 (Bankr. D. Minn. 1992), *aff'd by Christians v. Crystal Evangelical Free Church (In re Young)*, 152 B.R. 939 (D. Minn. 1993). The first three prongs of the test are satisfied. The question remains, did Debtor "receive[] less than a reasonably equivalent value in exchange for" the transfer? § 548(a)(B)(I). This becomes a two part test. *Christians*, 148 B.R. at 890. First, Did Debtor receive value from his transfer? Second, if Debtor did receive value, was it in exchange for his transfer?

The Bankruptcy Code defines value as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." § 548(d)(2)(A). It is undisputed that Debtor was not indebted to his son at the time of the transfer or anytime thereafter. Debtor also did not receive property from the transfer. While property is not defined by the Code, dictionaries commonly define it as ownership, an interest, a right.[1] See *Christians*, 148 B.R. at 890-91 for a discussion of various dictionaries' definition of property. Some courts have found that a debtor's monetary gifts to a church were not fraudulent transfers because the debtor received "property" in the form of various "services" from the church due to the transfer. *See Ellenberg v. Chapel Hill Harvest Church, Inc. (In re Moses)*, 59 B.R. 815 (Bankr. N.D. Ga. 1986); *Wilson v. Upreach Ministries (In re Missionary Baptist Found. of Am.)*, 24 B.R. 973 (Bankr. N.D. Tex. 1982). However, Debtor conveyed the

---

[1] Furthermore, the Debtor received no executory promises for the transfer; however, any such promises would be excluded as "value" per the statute.

Case 07-01100   Doc 20   Filed 04/14/08   Entered 04/14/08 13:24:59   Desc Main
Document      Page 6 of 7

property to his son and did not bargain for anything and received nothing in return for the conveyance except internal, moral gratification for helping his son. Under both federal and state law, these emotional benefits cannot be bargained for and do not amount to "reasonably equivalent value" or "valuable consideration." *Matter of Treadwell*, 699 F.2d at 1051. Just as the debtors in *Christians* who contributed money to their church, Debtor "did not and would not have received anything more or less if [he] would have donated more or donated nothing" to his son.[2] *Christians*, 148 B.R. at 895.

Conclusion

The Court concludes that Debtor's transfer of property to his son one year prior to filing his bankruptcy petition and receiving no valuable consideration meets the elements of constructive fraud under the Alabama Code's fraudulent transfer statute which is made applicable through 11 U.S.C. § 544(b). The Court also concludes that the elements of a fraudulent transfer pursuant to 11 U.S.C. § 548. Therefore, Plaintiff's Motion for Summary Judgment is due to be granted because there is no genuine issue of material fact for trial, and the Trustee is entitled to avoid the transfer under § 548 and § 544(b).

For the reasons stated above, the Plaintiff's Motion for Summary Judgment is GRANTED.

Dated: April 14, 2008

_/s/ Margaret A. Mahoney_
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

---

[2] Given that the Court finds that the Debtor received no value for the transfer, it is unnecessary to analyze the second prong of the test - was the value received in exchange for the transfer?